NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN LEE GORE,

    Plaintiff,

v.

CLYDE & CO U.S. LLP, *et al.*,

    Defendant.

Civil Action No. 24-9695 (RK) (TJB)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff John Lee Gore's application to proceed *in forma pauperis* (ECF No. 1-1, "IFP"), together with his Complaint[1], (ECF No. 1, "Compl"), against Defendants Clyde & Co. U.S. LLP, a law firm, and two of its attorneys (collectively, the "Defendants"). For the reasons explained below, the application to proceed IFP is **GRANTED**, and the Complaint is **DISMISSED** without prejudice.

    In another action before the Court, Plaintiff sued Defendants' client, Harbor Freight Tools USA, Inc., a seller of a hand drill that Plaintiff alleges caused him injury. (*See* Case No. 23-20776 (RK) (RLS)). Here, Plaintiff sues Defendants, as counsel to Harbor Freight, for "[f]raudulent assertions [and used] bad faith tactics to" effectuate an "unjust settlement" between Plaintiff and Harbor Freight. (Compl. at 2–3.) Plaintiff alleges that during negotiations with Defendants and their client, Plaintiff's $56,000 settlement offer was rejected and countered with a $20,000 proposal. (Compl. at 3.) Plaintiff posits that he ultimately agreed to the "unjust settlement" because

---

[1] For the purposes of this decision, the Court uses PDF page numbers when referring to specific pages in the Complaint and its exhibits.

of duress related to his "dire economic conditions." (*Id.*) He argues that his dire financial situation results from injuries caused by Harbor Freight that put him out of work. Although difficult to discern, Plaintiff purports to bring claims pursuant 15 U.S.C. §§ 2051(a)(5), (b)(1)(4) and 42 U.S.C §§ 1985, 1986 principally for denial of equal protection.[2] (*See* Compl. at 1.)

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*—without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The IFP statute requires that a plaintiff demonstrate financial need through the submission of a complete financial affidavit. *See Atl. Cty. Cent. Mun. Court Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)).

Here, Plaintiff completely fills out the Long Form Application to Proceed in District Court Without Prepaying Fees or Costs. (*See* IFP.) Plaintiff lists monthly disability income of $970 and approximately $750 in monthly expenses for home-related expenses, food, clothing, laundry, medical expenses, and recreation. (*See id.* at 2, 4.) The application also indicates Plaintiff had no employment in the last two years, no motor vehicles, and no assets in any bank or financial institution. (*Id.* at 2–3.) From this, the Court finds that Plaintiff has sufficiently apprised the Court of his financial status and **GRANTS** Plaintiff's *in forma pauperis* application.

---

[2] To the extent Plaintiff purports to bring a claim under CFR § 1009, there is no claim to be brought. This Regulation relates to the Watershed Protection and Flood Protection Act, which has no relevance to the Complaint here.

Now moving to the claims. To the extent Plaintiff alleges Defendants violated the Consumer Product Safety Act ("CPSA"), those claims must be dismissed. Plaintiff cites 15 U.S.C. § 2051, which is titled "Congressional findings and declaration of purpose." (*See* Compl. at 1.) Although this section of the CPSA does not itself provide a cause of action, other sections do. *See Berry v. Mega Brands Inc.*, No. 08-1750, 2009 WL 233508, at *5 (D.N.J. Jan. 30, 2009) ("15 U.S.C. § 2072 provides a private right of action to any person injured by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission." (internal quotation and citation omitted)). But Plaintiff provides no authority, and the Court is quite certain that none exists, indicating an action could be maintained against a seller's attorney under the statute. Therefore, a claim pursuant to the CPSA must be dismissed.

Finally, Plaintiff fails to provide sufficient facts for conspiracy claims under 42 U.S.C. §§ 1985 and 1986. To state a claim under § 1985(3):

> the plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Davis v. Wigen*, 82 F.4th 204, 214 (3d Cir. 2023) (quoting *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828–29 (1983). These claims are "limited to private conspiracies predicated on racial, or perhaps otherwise class based, invidiously discriminatory animus." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997), *as amended* (May 15, 1997) (noting "commercial and economic animus could not form the basis for a section 1985(3) claim" (citing *United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825, 103 (1983))). The Complaint contains no allegations of any racial or class based discriminatory animus. Moreover, with an existence of a § 1985 conspiracy, a claim under § 1986 must fail. *Saunders v. BB&T Bank*, 852 F. App'x 651, 654 (3d Cir. 2021) (citing *Clark v. Clabaugh*, 20 F.3d 1290, 1295

n.5 (3d Cir. 1994)). Therefore, because Plaintiff failed to state a claim under § 1985, both §§ 1985 and 1986 must be dismissed. For these reasons, the Complaint is **DISMISSED**.

Accordingly, **IT IS** on this 18 day of November, 2024,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** without prejudice; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk shall administratively **CLOSE** this case; and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty (30) days of the date of the entry of this Order, Plaintiff shall file an amended complaint and either pre-paying the $405 filing fee ($350 filing fee plus $55 administrative fee) or submitting a renewed application to proceed *in forma pauperis*; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail, as well as a blank form application to proceed *in forma pauperis*.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**